# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MARC MAHAY, | ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 8:21-cv-540 (MAD/DJS) |
| | ) | COMPLA I NT |
| v. | ) ) | JURY TRIAL DEMAND |
| WALGREEN CO., | ) ) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to an employee who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff alleges that Defendant Walgreen Co. (hereinafter referred to as "Walgreen" or "Defendant" or "Employer") discriminated against Plaintiff Marc Mahay, who is a qualified individual with a disability (Depression, Mixed Anxiety Disorder and Depression) when it failed to engage in the required interactive process or to accommodate Plaintiff, and when it overlooked Plaintiff for a promotion to a permanent position, and when it fired Plaintiff because of his disabilities about which it was aware at the time of the alleged discrimination. Before terminating Plaintiff 's employment, Defendant also created a hostile work environment for Plaintiff in a manner described in more detail herein-below, for which he is entitled to relief. On behalf of Plaintiff Marc Mahay,

1

(referred to hereinafter as "Marc Mahay" or "Plaintiff"), for his complaint against Defendant Walgreen, states as follows:

**Jurisdiction and Venue**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of New York.

3. Venue of this action in the United States District Court for the Northern District of New York is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff was employed and subjected to employment discrimination and harassment in the Northern District, and a substantial part of the events giving rise to these claims, occurred here.

4. All conditions precedent to the filing of this lawsuit have been met. Plaintiff timely dual-filed a charge of disability discrimination with the New York State Division of Human Rights ("NYSDHR") and the United States Equal Employment Opportunity Commission ("EEOC").

5. Plaintiff files the instant Complaint within 90 days from his and his lawyer's receipt of the "Right To Sue Letter" he received from the EEOC. (See Exhibit "**A**").

6. In a letter dated February 10, 2021, the Undersigned Attorney requested from the EEOC a copy of the Right to Sue letter for the third time, after requesting it in October of 2019,

2

December of 2020 and finally, in January of 2021. (See Letter dated 02/10/21, attached hereto as Exhibit "**B**").

7. In response to the letter attached as Exhibit "**B**", Holly Shabazz of the EEOC sent the Undersigned Attorney for Plaintiff, an e-mail (Attached hereto as Exhibit "**C**") dated February 10, 2021 in which she acknowledged that "due to clerical error", the EEOC had not sent the undersigned a copy of the Right To Sue Letter.

8. In the e-mail attached hereto as Exhibit "**C**", Holly Shabazz, acting on behalf of the EEOC, gave the undersigned 90 days from February 10, 2021 in which to file a lawsuit in the Federal Court.

## **PARTIES**

9. Plaintiff, Marc Mahay, is an individual and resident of Hammond, New York in the county of St. Lawrence, and was, at relevant times hereto, an employee of Defendant Walgreen at their store in Ogdensburg, N.Y., within the Northern District of New York.

10. At all relevant times, Defendant, Walgreen, Co. has continuously been an active "Foreign Business Corporation" (Illinois Corporation) with its headquarters located in Deerfield, IL, and doing business in New York State, and within the jurisdiction of the Federal Court, Northern District, New York where it is has continuously had at least 15 employees and where it employed Plaintiff at its store in Ogdensburg, N.Y., at relevant times hereto.

11. Walgreen's owns and operates a chain of retail pharmacy stores throughout the nation, including approximately 685 in New York State, one of which Plaintiff was employed at, at relevant times hereto.

12. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and

Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

**STATEMENT OF CLAIMS**

13. More than thirty days prior to the institution of this lawsuit, Marc Mahay filed a charge with the NYSDHR and the EEOC alleging violations of the ADA.

14. Plaintiff was a Pharmacist at a Rite Aid store in Ogdensburg, N.Y. in February of 2018 when ownership of the store transferred to Walgreen, and Plaintiff became an employee of Walgreen at that time.

15. Plaintiff was employed at Walgreen until March 15, 2019, when his employment was terminated by Walgreen.

16. On November 12, 2018 the Assistant Store Manager "Michael Mills" summoned Plaintiff Marc Mahay into the Consultation Room, and proceeded to close the door with Mr. Mahay inside the room.

17. Blocking Mahay's exit, Mills instructed Mahay not to leave the room and physically blocked the door so that Mahay felt trapped, thus significantly increasing Plaintiff's anxiety level.

18. November 12, 2018 had been a particularly stressful day at the Pharmacy because the Pharmacy Tech was making more mistakes than usual. As the Pharmacist on duty, Marc Mahay was responsible for any errors the Tech made, so that had caused Plaintiff significant anxiety.

19. On the date in question, Plaintiff had routinely been expected to stand for 12 hours with few to no breaks, and that date of November 12, 2018 was no exception. So, when Mills trapped Plaintiff in the Consultation Room, it exacerbated his condition (anxiety disorder)

and Plaintiff, who also suffered from Hypertension, became concerned that he could have a stroke.

20. Notwithstanding all of the foregoing, despite being summoned to the Consultation Room on November 12th, Plaintiff did not know why he had been called there, and was not aware of having committed any misconduct. But Mills' actions naturally caused Plaintiff to suffer significant added stress.

21. Soon, a conference call began with the following Walgreen personnel participating: Anna Dalton – Pharmacy District manager – on the telephone speaker, and "Chuck Kostyk, who was Head of Security (Asset Protection District Manager), as well as Louann Obernesser – Area Team Lead.

22. Plaintiff was not free to leave the Consultation Room, and was treated as though he were a common thief rather than the dedicated Pharmacist that he was, who had never committed any misconduct.

23. By this point, Plaintiff began to have a severe panic attack, which was brought on by the foregoing circumstances, and the fact that he suffers from Depression, Anxiety Disorder and High Blood Pressure, both of which he had been diagnosed with by a medical doctor.

24. The conditions – Depression, Anxiety Disorder and Hypertension – are each qualified ADA disabilities, each of which affect at least one major life activity, including sleep, eating, and working (each of the foregoing disabilities affect Plaintiff's ability to engage in all three of these major life activities).

25. The said individuals began to interrogate Plaintiff as though he were a criminal, asking him "what is wrong with you?" and "what drugs have you been taking?" which Plaintiff found to be humiliating, harassing in nature, and most unwelcome.

26. At no time had Plaintiff used any drug or narcotic that was not prescribed to him, and he told Walgreen's Personnel as much; to no avail. Walgreen continued to badger Plaintiff, who had not eaten any lunch on the date in question, and who had been forced to stand for his entire shift that day, and despite that his shift had lasted over ten hours.

27. Plaintiff exhibited clear signs of medical distress, yet Defendant never asked Plaintiff if he was alright, or if he needed water, or medical attention. They continued to treat Marc Mahay as though he had committed a crime, when in fact he had not.

28. The following day, on November 13, 2018, Plaintiff sought a drug test as required by Defendant, and "passed it with flying colors". The test was negative for any illicit drug. Nevertheless, Defendant took Plaintiff off of work, on unpaid leave until December 20, 2018 when he was finally allowed to return to work.

29. On December 19, 2018, Plaintiff attended a meeting in Glens Falls which was convened by Defendant following Plaintiff's forced and unpaid leave, during which Plaintiff was given a "Final Warning" despite not having committed any misconduct and despite that Walgreen's Progressive discipline allowed employees the benefit of a verbal warning before a "Final Written Warning"; for Plaintiff Walgreen skipped over the verbal and went straight to a Final Written Warning based on a false accusation concerning a script that had allegedly been issued in contravention of Walgreen rules and procedures.

30. During said meeting on December 19, 2019, Plaintiff actually told Defendant that the negative drug test proved that his behaviors were related to medical conditions he suffered from, and proceeded to inform Defendant of his conditions, but Walgreen, by and through the Walgreen personnel present at the December 19th meeting, did not allow Plaintiff the opportunity to finish relaying the specifics of his medical conditions, despite that said information would

have explained any behaviors that Walgreen was concerned about.

31. On December 20th, Plaintiff returned to work as a "Floater". Walgreen continued to treat Plaintiff as though he were unwelcome, and even informed him at or around this same time that it felt he was "unfit to work" at Walgreen Pharmacy and he was even given a "Final Warning" despite having passed the drug test.

32. Anna Dalton scrutinized Plaintiff's every move, asking his co-workers about Plaintiff and his behavior while at work.

33. On March 15, 2019, Defendant summoned Plaintiff to Glens Falls, NY for a "half year evaluation".

34. At the meeting on March 15, 2019, Defendant fired Plaintiff from his employment with Walgreen effective immediately.

35. But for Plaintiff's Anxiety Disorder, Depression, he would not have been terminated, as is exemplified by the fact that Defendant became concerned with Plaintiff due to sleepiness and what it considered odd behavior at work.

36. Defendant exhibited willful ignorance of Plaintiff's medical conditions when, on December 19th, 2018, Plaintiff informed Defendant that his past behaviors could be explained medically, because he suffered from those conditions, yet Defendant did not ask about nor seem to care whatsoever about Plaintiff's plight, and completely ignored what were, in essence, Plaintiff's pleas for help.

37. Plaintiff's performance at time relevant hereto was satisfactory.

38. Any allegation of misconduct or performance issues were pure pretext, insofar as Plaintiff fulfilled his duties as Pharmacist with professionalism and due care for his customers at all times relevant hereto.

39. Defendant knew about Plaintiff's Anxiety Disorder and Depression condition when it fired him on March 15, 2019.

40. At the December 19, 2018 meeting, Plaintiff had informed Defendant that he had been treated for Anxiety and Depression for five (5) years.

41. The foregoing allegations exacerbated Plaintiff Marc Mahay's conditions of Anxiety Disorder and Depression greatly, in a manner to be proven at or before trial.

42. When Plaintiff attempted to relay the details of his medical history (Anxiety Disorder and Depression) to Defendant, it was Plaintiff's attempt to initiate the "Required Interactive Process" with Defendant such that a dialogue might lead to accommodations that might then allow Plaintiff to better perform the essential functions of his position as Pharmacist with accommodations.

43. Defendant completely and willfully and utterly failed to engage in the Required Interactive Process with Marc Mahay, the very process that is required by the ADA and binding case law interpreting that process.

44. Mental illness is greatly stigmatized in workplaces across the country.

45. Walgreen – a massive and sophisticated national pharmacy chain that frequently treats customers who suffer from the very mental illness that Plaintiff suffers from – completely failed Plaintiff in his time of need, by acting in a despicable manner, and completely ignoring its duties to work WITH instead of AGAINST employees who suffer from mental illness.

46. In so doing, Defendant maliciously and scornfully discriminated against Plaintiff based upon his perceived and actual disabilities, in an unequivocal violation of the ADA.

47. The effect of the practices complained of herein-above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect his status as an

employee, because of his disability and to otherwise have subjected him to emotional distress and physical and mental impairments for which punitive damages are justified.

48. The unlawful employment practices complained of herein-above above were intentional.

**COUNT I:    Disability Discrimination - Title I of the Americans with Disabilities Act of 1990 ("ADA") and N.Y. Exec. Law, art. 15 (New York State Human Rights Law).**

Defendant subjected Plaintiff to intimidating and discriminatory harassment of Plaintiff in the workplace which intimidation and harassment was directed at Plaintiff's mental illness and which severely altered the terms and conditions of Plaintiff's employment. Defendant then discriminatorily disciplined Plaintiff because of his disabilities and then terminated his employment altogether, all without ever engaging in the required interactive process with Plaintiff, or without ever having accommodated Plaintiff as might have been required IF Defendant had engaged in the interactive process with Plaintiff.

**COUNT II:    Hostile work Environment - Title VII, Civil Rights Act of 1964 and N.Y. Exec. Law, art. 15 (New York State Human Rights Law).**

Defendant created and tolerated a work environment which was permeated with discriminatory and intimidation, ridicule, and insult that was so severe, unwelcome and pervasive as to alter the terms and conditions of Plaintiff's employment and which created an abusive work environment in violation of the ADA. Said hostile work environment worsened Plaintiff's pre-existing conditions, thus entitling Plaintiff to emotional distress damages. Punitive damages are appropriate insofar as Defendant created the hostile work environment complained of herein with malice aforethought and with premeditation and a malignant heart.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against qualified individuals with a disability or from creating a hostile work environment.

B.	Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with a disability, which eradicate the effects of its past and present unlawful employment practices, including the eradication of hostile work environments and discriminatory harassment in the workplace.

C.	Order Defendant Employer to make whole Marc Mahay, by providing appropriate backpay and lost wages, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.	Order Defendant Employer to make whole Marc Mahay by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein-above, including but not limited to: medical expenses, attorney's fees and all other out of pocket and anticipated expenses in amounts to be determined at trial.

E.	Order Defendant Employer to make whole Marc Mahay by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices, including the discrimination and hostile work environment complained of herein-above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Marc Mahay individual punitive damages for its malicious and reckless conduct, as described herein-above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by its complaint.

            Respectfully Submitted,

            S:/ James D. Hartt
            **Bar #516129**
            **JAMES D. HARTT, ESQ.**
            **Attorney For Plaintiff**
            **6 N. Main Street, Suite 200F**
            **Fairport, NY 14450**
            **Telephone: (585) 490-7100**
             **Fax: (716) 299-2006**

```
ORIGINAL of the foregoing was
filed this 11th Day of May, 2021 with:
The Clerk of the Federal District Court
Northern District, New York
```